MONEY PAID BY MISTAKE TO ASSIGNEE—POWER OF COUNTY COURT TO REFUND.
    Where money paid by mistake to an assignee, as such, is in his hands, with other funds of the estate, and all parties interested are in court, the county court has power to order it paid to the party to whom it belongs.

Proceeding in the matter of the general assignment of Carl Gschihey to Henry A. Deimel, on petition of assignee, asking for his final accounting.

Charles Bell, for petitioner, Jewett W. Brown.

R. E. Steele, for assignor.

George W. Smith, for assignee.

DEVENDORF, J.　It appears from the facts as presented that the sum of $500 was paid by petitioner, Jewett W. Brown, to the assignee by a mistake of fact.　It was paid to and received by him by virtue of his position as such assignee.　He now brings that fund, with the other money of the estate, into court, upon this proceeding, and asks an order distributing and disposing of the fund. The said money may not be a part of the assigned estate, but this court, the money having been brought into the proceeding, must decree some disposition of it.　That is brought about by the peculiar circumstances of the case.　It is urged by the assignor, in line with the decision of the court in Re Witmer, 40 Hun, 64, that the county court has jurisdiction only in respect to the powers given it by the act, and that it is vested with equity power in reference to the trust and any matter involved therein only, and that the remedy of the petitioner, Jewett W. Brown, is by action.　I think the case at hand is not parallel with the case of In re Witmer, and that this fund can be disposed of here without opposing or crossing that decision.　This money was paid to the assignee, as such, upon a judgment rendered in an action wherein he was plaintiff in his representative capacity.　The fund was received by the assignee, and he now brings it into this court, and makes it, as far as he can, by his account rendered and his previous management of it, a fund of the estate.　The very party who by mistake paid the money into the assignee's hands is rightfully a party to the accounting.　He is one of the parties who, under the law, was entitled to notice of the proceedings upon the accounting.　At all events, he was made a party to it in the petition, and by the citation directed to him; and, when it becomes necessary for the court to order distribution or payment of the funds alleged by the assignee to be in his hands for that purpose, the petitioner, Jewett W. Brown, already a party in court upon the proceeding, asks that $500 which he paid by mistake to the assignee be refunded.　If the court has power to make any order whatever as to this fund, it should have, I think, the power to order it paid to the party to whom it belongs.　In re Morgan, 34 Hun, 217; In re Wiltse, 5 Misc. Rep. 114, 25 N. Y. Supp. 733. The money, with the other funds of the estate, is in the hands of the assignee, and all parties interested are in court, and an order must be made with reference to the fund; and instead of ordering the account amended by striking out $500 of the fund on hand, and refusing all mention thereof, or decreeing it elsewhere, I think the court can best subserve the interests of the parties by placing it with its owner, and I think the statute is broad enough to permit of that result.

Therefore an order may be entered directing the refunding by the assignee of the $500 to the petitioner, Jewett W. Brown.　Ordered accordingly.